UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID ARMETTA and<br>ASPIRA MARKETING DIRECT, LCC,<br><br>      Plaintiffs,<br><br>v.<br><br>LEARNING CARE GROUP, INC.,<br><br>      Defendant. | Case No.: 3:13-cv-1461<br>(VLB)<br><br><br><br><br><br>DECEMBER 6, 2013 |

## RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:                        September 10, 2013

Date Complaint Served:                    September 10, 2013

Date of Defendant's Appearance:          October 2, 2013

Date First Amended Complaint Filed:     November 8, 2013

       Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held via telephone on November 15, 2013. The participants were:

On behalf of the Plaintiffs David Armetta and
Aspira Marketing Direct, LLC

       Christopher Geotes, Esq.
       Pastore & Dailey LLC
       4 High Ridge Park, Third Floor
       Stamford, CT  06905
       Telephone:  (203) 658-8454
       Facsimile:  (203) 348-0852
       Email:  cgeotes@psdlaw.net
         *  *  *  *
       Michele Martin, Esq.
       Pastore & Dailey LLC

        **8763 SW 27th Lane, Suite 101**
        **Gainesville, FL 32608**
        **Telephone: (352) 672-6763**
        **Facsimile: (352) 672-6973**
        **Email: mmartin@psdlaw.net**

**On behalf of the Defendant Learning Care Group, Inc.:**

    **Jyotin Hamid, Esq.**
    **Tricia B. Sherno, Esq.**
    **Debevoise & Plimpton LLC**
    **919 Third Avenue**
    **New York, NY 10022**
    **Telephone: (212) 909-1031**
    **Facsimile: (212) 909-6836**
    **Email: jhamid@debevoise.com**
    **Email: tbsherno@debevoise.com**

**I.**     **Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and the basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.**     **Jurisdiction**

    **A.**     **Subject Matter Jurisdiction**

    Jurisdiction is proper within the District Court for the State of Connecticut because the parties are fully diverse, and the amount in controversy exceeds $75,000.00

    **B.**     **Personal Jurisdiction**

    Personal Jurisdiction is not contested.

### III. Brief Description of Case

This case arises from the Defendant's determination that a purported conflict of interest existed between Plaintiffs, Defendant, and Carlene Armetta (an employee of Defendant, wife of Plaintiff David Armetta). Plaintiffs allege that Defendant defamed Plaintiffs' reputations and disparaged their trades, and that Defendant has been unjustly enriched by accepting the benefit of services rendered by Plaintiffs while withholding compensation for said services. Defendant's position is that Plaintiffs were not defamed or disparaged, Defendant's actions were not in violation of the Connecticut Unfair Trade Practices Act, and Defendant was not unjustly enriched.

### A. Claims of Plaintiffs

Plaintiffs have asserted claims for (1) Defamation, (2) Commercial Disparagement, (3) Unjust Enrichment, (4) Quantum Meruit, and (5) Violations of the Connecticut Unfair Trade Practices Act.

### B. Defenses and Claims of Defendant

At the time of filing of this Rule 26(f) Report, Defendant has not set forth any counterclaims or defenses. Defendant filed a Motion to Dismiss the First Amended Complaint on November 22, 2013 pursuant to Fed. R. Civ. P. 12(b)(6) arguing that Plaintiffs' First Amended Complaint should be dismissed in its entirety because Plaintiffs have failed to state their claims.

### IV. Statement of Undisputed Facts

Counsels certify that they have made a good faith attempt to determine

**whether there are any material facts that are not in dispute. While the parties have not yet been able to agree on which if any facts may be undisputed, the parties have agreed to revisit these determinations on a continual basis.**

**V.**     **<u>Case Management Plan</u>**

    **A.**     **<u>Standing Order on Scheduling in Civil Cases</u>**

**The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth below.**

        **1.**     **The close of fact discovery to occur on June 10, 2014, nine (9) months after filing of the complaint.**

        **2.**     **The deadline for the parties' motions for summary judgment on August, 10, 2014, sixty (60) days after the close of discovery.**

    **B.**     **<u>Scheduling Conference with the Court</u>**

**The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).**

    **C.**     **<u>Early Settlement Conference</u>**

        1. **The parties certify that they have considered the desirability of attempting to settle the case before undertaking any significant discovery or motion practice.**

        2. **The parties request an early settlement conference.**

        3. **The parties prefer a settlement conference with the presiding judge or magistrate judge.**

        4. **Parties do not request a referral for alternative dispute**

resolution pursuant to D. Conn. L. Civ. R. 16.

**D.    Joinder of Parties and Amendment of Pleadings**

1. At this time, neither Plaintiffs nor Defendant intend to join any other parties to this case. Further, the Plaintiffs have filed an Amended Complaint, to which the Defendant has filed a Motion to Dismiss the Amended Complaint.

**E.    Discovery**

1. The parties anticipate that discovery will be needed on the following subjects:

   a. The business relationship between Learning Care Group ("LCG"), Carlene Armetta, David Armetta, and Aspira Marketing Direct, LLC ("Aspira").

   b. The position and responsibilities of Carlene Armetta as an employee of LCG.

   c. The role of David Armetta and Aspira as vendors for LCG.

   d. The circumstances concerning the termination of Carlene Armetta's employment with LCG.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced immediately following the entry of this Scheduling Order and completed (not propounded) by June 10, 2014 .

3. Discovery will not be conducted in phases.

4. **The parties anticipate that the plaintiff will require a total of approximately six (6) depositions of fact witnesses and that the defendant will require approximately three (3) to five (5) depositions of fact witnesses. The depositions will commence by January 1, 2014 and will be completed by June 10, 2014.**

5. **The parties will not request permission to serve more than 25 interrogatories.**

6. **Plaintiffs may call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by March 1, 2014. Depositions of any experts will be completed by May 1, 2014.**

7. **Defendant may call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by March 1, 2014. Depositions of any experts will be completed by May 1, 2014.**

8. **A damages analysis will be provided by any party who has a claim or counterclaim for damages by May 1, 2014.**

9. **Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the**

retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

10. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.

F. <u>Dispositive Motions</u>

Dispositive motions will be filed on or before August 10, 2014.

G. <u>Joint Trial Memorandum</u>

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within sixty (60) days after decisions on dispositive motions are issued by the Court.

VI. <u>Trial Readiness</u>

This case will be ready for trial on the date of submission of the joint trial memorandum.

As officers of the Court, undersigned counsel agrees to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Respectfully submitted on behalf of Plaintiffs DAVID ARMETTA and ASPIRA MARKETING DIRECT, LLC.

By: <u>/s/Joseph M. Pastore III</u>

Joseph M. Pastore III
Pastore & Dailey LLC
4 High Ridge Park, 3d Floor
Stamford, CT  06905
Telephone:  (203) 658-8454
Facsimile:  (203) 348-0852
Email:  jpastore@psdlaw.net


**Respectfully submitted on behalf of Defendant LEARNING CARE GROUP, INC**

By: */s/ Jyotin Hamid*
Jyotin Hamid
Tricia B. Sherno
Debevoise & Plimpton
ADRESS
Telephone:
Facsimile:
Email: jhamid@debevoise.com
Email: tbsherno@debevoise.com

**CERTIFICATE OF SERVICE**

**I hereby certify that on December 6, 2013, a copy of foregoing was filed electronically via operation of the Court's CM/ECF Electronic Filing System. A Notice of Electronic Filing will be sent by e-mail to all parties appearing in this matter via operation of the Court's CM/ECF Electronic Filing System or by mail to anyone unable to accept electronic filing as indicated on the Notice. Parties may access this filing through the Court's CM/ECF System.**

                                                */s/ Joseph M. Pastore III*
                                                **Joseph M. Pastore III**